## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil No.** |
| **$54,052.10 in U.S. CURRENCY,** | : | |
| **Defendant.** | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.     This is a civil forfeiture action against United States currency that is the proceeds of unlawful drug trafficking and is forfeitable pursuant to 21 U.S.C. § 881.

## THE DEFENDANTS *IN REM*

2.     The defendant is $54,052.10 in United States currency (hereinafter, "the Defendant Currency"), consisting of $21,087.00 seized on May 29, 2014, pursuant to the execution of a search and seizure warrant for 1511 Barrett Road in Baltimore County, Maryland, and $32,965.10 seized on May 30, 2014, pursuant to the execution of a search and seizure warrant for bank accounts at First Financial Federal Credit Union held in the name of Omar Kinnard Harmon aka Omar Skinard Harmon.

3.      The Defendant Currency is presently in the custody of the Drug Enforcement Administration in Maryland.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5.      This court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.      The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.      The forfeiture is based upon, but not limited to, the evidence outlined in the attached

Declaration of Dennis W. Maye, Special Agent of the Drug Enforcement Administration, which

is incorporated herein by reference.

**WHEREFORE**, plaintiff, the United States of America, prays that all persons who

reasonably appear to be potential claimants with interests in the Defendant Currency be cited to

appear herein and answer the Complaint; that the Defendant Currency be forfeited and

condemned to the United States of America; that upon Final Decree of Forfeiture, the United

States Marshals Service dispose of the Defendant Currency according to law; and that the

plaintiff have such other and further relief as this Court deems proper and just.

Date:   _12/3/2014_

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $54,052.10 in United States currency.

I, Dennis W. Maye, Special Agent of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $21,087.00 in United States currency, $10,910.43 from First Financial Federal Credit Union checking account held in the name of Omar Harmon, and $22,054.67 from First Financial Federal Credit Union savings account held in the name of Omar Harmon constitute: (1) money, negotiable instruments, securities or other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, or securities used or intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On February 23, 2014, Omar Kinnard Harmon, aka Omar Skinard Harmon ("Harmon") was stopped driving a 2002 Lincoln LS bearing Maryland registration 57444CE ("the vehicle") by a uniformed Baltimore County Police Patrol Officer for multiple motor vehicle violations.

b. The vehicle is registered to Harmon.

c. During the course of the traffic stop, the officer detected the strong pungent odor of raw marijuana coming from Harmon's vehicle. A probable cause search of the vehicle did not result in the finding of marijuana; however, Harmon was found to be in the possession of $1,000.00 in United States currency. The officer cited Harmon for the motor vehicle violations and released Harmon along with the money.

d. Based on this information, in addition to an arrest of Harmon on February 5, 2013, for being in the possession of marijuana, possession of drug paraphernalia, and possession of a prescription bottle with the label removed, members of the Baltimore County Police Department Narcotics Section ("the BCPD") initiated an investigation on Harmon.

e. On May 29, 2014, the BCPD conducted surveillance on Harmon and on 1511 Barrett Road, Baltimore County, Maryland ("the residence").

f. Harmon exited the residence carrying a red bag and walked to his vehicle, the 2002 Lincoln LS. Harmon opened a door on the driver's side of the vehicle and reached into the vehicle, grabbed an unknown object, then walked back to the residence still carrying the red bag.

g. Approximately two minutes later, Harmon exited the residence carrying the red bag and walked to the vehicle. He operated the vehicle by himself and drove away from the residence.

h. After Harmon drove through a posted stop sign without stopping, Harmon was stopped by a marked BCPD patrol vehicle for the traffic violation.

i. Upon approaching the vehicle, the patrol officer detected the strong pungent odor of raw marijuana. The officer then notified investigators from the BCPD Narcotics Section who assisted with the traffic stop.

j. BCPD investigators subsequently conducted a search of Harmon and the vehicle.

k. Investigators found Harmon to be in the possession of 4 ounces of marijuana [two (2) one-ounce bags and one (1) two-ounce bag) concealed within the red cloth bag.

l. A search of Harmon's cell telephone revealed drug related text messages which distinguished him as the supplier.

m. During a post-Miranda interview, Harmon said that he was unemployed.

n. Harmon said that he lived at the residence with his mother, Denise Lorraine Smith, and no other occupants.

o. On May 29, 2014, a subsequently obtained search and seizure warrant was executed on 1511 Barrett Road; no one was home at the time of entry. This is a two bedroom residence – one bedroom belongs to Harmon and the other bedroom belongs to his mother, Denise Lorraine Smith.

p. A search of Harmon's bedroom resulted in the recovery of the following:
   1. a stolen handgun and ammunition;
   2. marijuana [one (1) one-ounce bag; one (1) four-ounce bag; one (1) one-pound bag; one (1) one-ounce jar; one (1) one-gram jar; one (1) ten-gram bag];
   3. a grinder;
   4. drug packaging materials;
   5. a digital scale;
   6. rubber bands;
   7. $21,087.00 in United States currency;
   8. financial records; and
   9. other miscellaneous evidence.

q. $19,000.00 of the $21,087.00 in United States currency was located inside a black shoe box in Harmon's bedroom closet. This money was rubber-banded in $1,000 bundles.

r. The manner in which this money was bundled is consistent with "dealer folds," *i.e.*, it is common for those involved in the illicit drug trade to maintain their money in $1,000 increments in order to facilitate a quick count and quick money exchange during drug-related transactions.

s. An April 2014 statement from First Financial Federal Credit Union which was recovered from the residence revealed that Harmon had a balance in his checking account in excess of $12,000.00 and a balance in his savings account in excess of $22,000.00.

t. Records also revealed that Harmon had made four cash deposits during a six week period totaling $23,940.00.

u. A check made through Maryland State Wage and Records, which are maintained through the daily course of business, revealed that Harmon earned $3,919.00 in reported legitimate income for the year 2012; however, Harmon has not had any record of reported legitimate income in the State of Maryland since the second quarter of 2012.

v. Based on the lack of reported legitimate income to support a legal source for the $21,087.00 in United States currency recovered from Harmon's bedroom at 1511 Barrett Road or the existence of approximately $32,000 in Harmon's bank accounts, investigators obtained a seizure warrant which was issued by the District/Circuit Court for Baltimore County by Judge K. Thomas.

w. On May 30, 2014, this seizure warrant was executed at First Financial Federal Credit Union, 1215 York Road, Lutherville, Maryland, resulting in the seizure of First Financial Federal Credit Union checking account number 7780532140-10, containing $10,910.43, and First Financial Federal Credit Union savings account number 7780532140-01, containing $22,054.67.

x. Harmon was charged with felony possession of marijuana.

y. A criminal history check on Harmon revealed prior charges for possession of marijuana, possession with intent to distribute marijuana, and possession of drug paraphernalia, among others, in the last two years.

z. BCPD investigators later obtained a search warrant for Harmon's cellular phone. A search of Harmon's phone revealed additional information, including a video of Harmon handling a shoe box that appears to be the same black shoe box seized from his bedroom. The video shows money in the shoe box bound by rubber bands, just like what was found in the search of Harmon's bedroom. While showing the money in the video, Harmon talks about being a "hustler" and carrying a firearm with him.

aa. Photographs on Harmon's phone include one of a pile of United States currency, and another of what appears to be large buds of marijuana.

bb. Incoming text messages on Harmon's phone appear to be related directly to the sale of controlled dangerous substances and include numerous slang terms for marijuana, amounts, and price that are known to investigators through their training, knowledge and experience.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE BALTIMORE COUNTY POLICE, IN REFERENCE TO THE SEIZURE OF $54,052.10 IN UNITED STATES CURRENCY FROM OMAR KINNARD HARMON, aka OMAR SKINARD HARMON, ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Dennis W. Maye
Special Agent
Drug Enforcement Administration

## **VERIFICATION**

I, John J. Truex Chung, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Date: 12/3/2014

John J. Truex Chung
Contract Attorney
Forfeiture Support Associates, LLC

**MEMORANDUM**

DATE:           December 3, 2014

TO:             Kristine Cupp
                U.S. Marshal Service

FROM:           Naquita C. Ervin
                Paralegal Specialist
                U.S. Attorney's Office - District of Maryland

RE:             **U.S. v. $54,052.10 U.S. CURRENCY**

                **Civil Action No.**

                **CATS ID 14-DEA-602062, 602070, 602095**
                **Agency Case No. - GD-14-0290**

════════════════════════════════════════════════════════

    The United States has filed a forfeiture action against **$54,052.10 U.S. CURRENCY.**   A copy of the Complaint for Forfeiture is attached.

    Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

    Thank you.


Attachment

**U.S. Department of Justice**
**United States Marshals Service**

# PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>**UNITED STATES OF AMERICA** | COURT CASE NUMBER |
|---|---|
| **$54,0521.10 in U.S. Currency** | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE<br>AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>GD-14-0290 / 14-DEA-602262, 602070, 602095 |
|---|---|
| | ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code) |

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | |
|---|---|
| Naquita C. Ervin, Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number of process to be served with this Form - 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Post Notice on property premises. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of : ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER<br>410-209-4800 | DATE<br>12/3/14 |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>(Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>No. | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

| Name and title of individual served (If not shown above). | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| Address (complete only if different than shown above) | Date of Service | Time<br>am<br>pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

| PRIOR EDITIONS MAY BE USED | SEND ORIGINAL + 2 COPIES to USMS. | FORM USM 285 (Rev. 12/15/80) |
|---|---|---|

1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt