UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

$54,052.10 in U.S. CURRENCY,

    Defendant.

Civil Action No. TDC-14-3774

**MEMORANDUM ORDER**

This civil forfeiture case is before the Court on Claimants' Motion for Summary Judgment. ECF No. 8. Having reviewed the parties' submissions, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the Motion for Summary Judgment is DENIED.

**BACKGROUND**

On May 29, 2014, the Baltimore City Police Department seized $21,087.00 from the residence of Omar Kinnard Harmon ("Harmon"), and on May 30, 2014, it seized $32,965.10 from Harmon's bank accounts. All funds were seized pursuant to search warrants and as the alleged proceeds of unlawful drug trafficking. At some point before December 3, 2014, the seized currency was turned over to the United States Drug Enforcement Administration ("DEA") in Maryland.

On December 3, 2014, the United States filed a Complaint for Forfeiture asserting that the funds were the proceeds of unlawful drug trafficking, in violation of the Controlled Substances Act, 28 U.S.C. § 801 *et seq.*, and are therefore subject to forfeiture under 21 U.S.C. § 881(a)(6). On December 4, 2014, this Court issued an arrest warrant *in rem* for the currency,

which was executed on December 10, 2014. On January 2, 2015, Harmon filed a claim for all of the seized currency, and his mother, Denise Lorraine Smith ("Smith"), filed a claim for the $32,965.10 seized from the bank accounts. On January 23, 2015, Harmon and Smith filed an Answer to the Complaint. On February 6, 2015, they filed a Motion for Summary Judgment, which the United States opposed on February 23, 2015. Harmon and Smith filed their Reply Memorandum on March 12, 2015.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Harmon and Smith assert that the United States lacks the capacity to sue and the authority to sue in a representative capacity, in contravention of Federal Rule of Civil Procedure 9(a), and that they are therefore entitled to judgment as a matter of law. Harmon and Smith base this contention on a January 16, 2015 Order issued by Attorney General Eric H. Holder, Jr., which directed "all Department of Justice attorneys and components" to follow a new policy prohibiting "Federal adoption of property seized by state or local law enforcement under state law," except in certain circumstances not present here. The Order expressly states that the policy "applies prospectively to all federal adoptions." Mot. Sum. J., Ex. A.

Because the Order states that it applies only prospectively, the United States argues that either it "applies only to seizures that occur after January 16, 2015," or it "does not apply to federally adopted forfeiture cases that were filed in court before the effective date of the Order." Response ¶ 6. Here, the currency was seized on May 29, 2014 and May 30, 2014, and this action was commenced on December 3, 2014. The Government thus argues that, under either standard,

this action falls outside the Order's ambit. Harmon and Smith reply that, because this action is "now being litigated in federal court," the federal government has not yet "adopted" the property seized by the state, so the Order applies to this action. Reply ¶ 2.

Whether the Order applies to the instant forfeiture action depends on when the federal government can be said to have adopted the state-seized property. The relevant statutes do not delineate when adoption is complete. *See* 18 U.S.C. § 981 *et seq.* In discussing the federal adoption of state-seized property, however, the United States Court of Appeals for the Fourth Circuit has stated that a federal agency "adopts seizures by state or local law enforcement officials when it takes custody of seized property and treats the property as if [it] had made the initial seizure. [The federal agency] may then institute forfeiture proceedings in accordance with federal law." *United States v. Winston-Salem/Forsyth County Board of Education*, 902 F.2d 267, 269 n.1 (4th Cir. 1990). Although the Fourth Circuit was not presented in *Winston-Salem* with the question at issue here, its overview of the adoption process is instructive. The Fourth Circuit's rule, that the federal adoption of state-seized property occurs when the federal government gains physical and decisional control over the property, is a logically sound one, tied to the heart of the adoption process: transfer of control from state to federal officials. Harmon and Smith's contrary proposal—that adoption is not complete as long as the forfeiture proceedings remain contested—would key adoption not to any transfer in control from state to federal government, but to the resolution of the dispute between the government and the claimants. Such an approach would be untenable because it would allow a federal forfeiture action to unfold without the federal government ever having officially gained control over the property at issue.

Under the Fourth Circuit's approach, the federal government adopted the state-seized currency no later than December 3, 2014, the date that the United States filed its Complaint for Forfeiture and stated that the seized currency was in DEA custody. Because the federal government's adoption of the state-seized property at issue in this case was complete more than a month before the Attorney General issued the Order on January 16, 2015, the Order's prohibition on federal adoptions does not apply to this action. Nevertheless, the Court trusts that the United States Attorney for the District of Maryland has consulted with the Department of Justice on whether to continue with this forfeiture action in light of the Attorney General's Order.

Because the Court concludes that the Order does not apply to this forfeiture action, it need not, and so does not, resolve the Government's additional contention that claimants have no enforceable rights based on the January 16, 2015 Order.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Claimants' Motion for Summary Judgment is DENIED.

Date: June 15, 2015

THEODORE D. CHUANG
United States District Judge